IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
ELIZABETH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
PETER MIKHAIL (SBN 214638)
pmikhail@feinday.com
**FEINBERG DAY ALBERTI & THOMPSON LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel:  650.618.4360
Fax:  650.618.4368

Attorneys for Defendant
TURNER DESIGNS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NALCO COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TURNER DESIGNS, INC., a California corporation,<br><br>Defendants. | CASE NO.  CV-13-02727-NC<br><br>**ANSWER AND COUNTERCLAIMS OF TURNER DESIGNS, INC. TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Turner Designs, Inc. ("Turner") answers the Complaint for Patent Infringement ("Complaint") of Nalco Company ("Nalco") and asserts counterclaims as follows:

**PARTIES**

1.     Turner alleges that it lacks sufficient information to admit or deny the allegations of paragraph 1 of the complaint, and on that basis denies the allegations of paragraph 1.

2.     Turner admits the allegations of paragraph 2 of the complaint.

**JURISDICTION AND VENUE**

3.     Turner admits the allegations of paragraph 3 of the complaint.

4.     Turner denies that it committed acts of infringement in this or any other district. Except as thus denied, Turner admits the allegations of paragraph 4 of the complaint.

-1-

## BACKGROUND

5. Turner alleges that it lacks sufficient information to admit or deny the allegations of paragraph 5 of the complaint, and on that basis denies the allegations of paragraph 5.

6. Turner alleges that it lacks sufficient information to admit or deny the allegations of paragraph 6 of the complaint, and on that basis denies the allegations of paragraph 6.

7. Answering the allegations of paragraph 7 of the complaint, Turner admits that this action alleges infringement of the '118 patent but denies that it in fact infringed the '118 patent.

8. Turner alleges that claim 1 of the '118 patent speaks for itself. Except as thus expressly alleged, Turner denies the allegations of paragraph 8 of the complaint.

9. Turner admits the allegations of paragraph 9 of the complaint.

## FIRST CLAIM FOR RELIEF

(Induced and/or Contributory Infringement of U.S. Patent No. 6,255, 118)

10. Turner admits the allegations of the second, fourth, fifth and sixth sentences of paragraph 10 of the complaint. Except as thus expressly admitted, Turner denies the allegations of the first and third sentences of paragraph 10 of the complaint.

11. Turner denies the allegations of paragraph 11 of the complaint.

12. Turner denies the allegations of paragraph 12 of the complaint.

13. Turner denies the allegations of paragraph 13 of the complaint.

14. Turner denies the allegations of paragraph 14 of the complaint.

## PRAYER FOR RELIEF

15. Turner denies that Nalco is entitled to any of the relief it requested.

## GENERAL DENIAL

16. To the extent that any allegations of the complaint are not specifically admitted, Turner hereby denies them.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**
**(Failure to State a Claim)**

17. The complaint fails to state a claim upon which relief can be granted because

Turner has not performed any act, and is not proposing to perform any act, in violation of any rights validly belonging to Nalco.

**Second Affirmative Defense**
**(Invalidity/Unenforceability)**

18.    As and for a separate affirmative defense, Turner alleges that the '118 patent is invalid and/or unenforceable for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

**Third Affirmative Defense**
**(Patent Marking)**

19.    As and for a separate affirmative defense, Turner alleges that any claim for damages for patent infringement by Nalco is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

**Fourth Affirmative Defense**
**(Limitation on Damages)**

20.    As and for a separate affirmative defense, Turner alleges that Nalco's damages, if any, are limited pursuant to 35 U.S.C. §§ 286 and 288.

**Fifth Affirmative Defense**
**(Prosecution History Estoppel)**

21.    As and for a separate affirmative defense, by reason of proceedings in the USPTO during the prosecution of the application resulting in the '118 patent as shown by its file history, and by reason of the amendment, cancellation and/or abandonment of claims, and the admissions and other amendments made therein by or on behalf of the patentee, Nalco is estopped to claim a construction of the patents-in-suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by Turner.

**Sixth Affirmative Defense**
**(Adequate Remedy Other Than Injunctive Relief)**

22.    As and for a separate affirmative defense, Nalco is not entitled to injunctive relief because any alleged injury to Turner is not immediate or irreparable, and Nalco has an adequate

remedy at law.

### Seventh Affirmative Defense
### (Laches)

23.   As and for a separate affirmative defense, Turner alleges on information and belief that any claim against Turner for infringement of the '118 patent is barred by the doctrine of laches.

24.   In particular, on October 17, 2002, Jim Crawford, the President of Turner, wrote to Richard McLeod, the General Manger, Applied Services, Ondeo-Nalco Chemical Company, the predecessor to Nalco, advising him that Turner was in the process of developing the product which became the accused "Little Dipper" and "[p]er our Supply Agreement, Ondeo-Nalco has 180 days to respond if there is interest in entering into a Purchase Agreement for this product."

25.   Also on March 24, 2003 or March 25, 2003, Mr. Crawford presented information regarding the accused Little Dipper to about a dozen Nalco employees at Nalco's headquarters, including Craig Wasik, Manager of Product Line Development, Marty Godfrey, R&D Scientist and Rodney Banks, R&D Scientist.

26.   Also on March 24, 2003 or March 25, 2003 at Nalco's headquarters, Mr. Crawford showed and discussed the Little Dipper with Narasimha Rao, R&D Manager, John Hoots, R&D Scientist, and Jeff Heimerdinger, of Nalco purchasing.

27.   Messrs. Godfrey, Hoots, and Rao are all listed as inventors on the '118 patent.

28.   Turner is informed and believes and on that bases alleges that at least since March 2003, Nalco has been at all times aware of the design and operation of the accused Little Dipper.

29.   The Little Dipper has not been altered or modified in any way material to any claim of the '118 patent since it was first disclosed to Nalco in March 2003.

30.   Turner alleges on information and belief that the foregoing alleged course of conduct bars Nalco's claims for infringement of the '118 patent, in whole or in part, based on laches.

**Seventh Affirmative Defense**
**(Estoppel)**

31. As and for a separate affirmative defense, Turner alleges on information and belief that Nalco is estopped from asserting against Turner any claim for infringement of the '118 patent based on the course of conduct alleged in paragraphs 24-29, inclusive.

**Eighth Affirmative Defense**
**(Waiver)**

32. As and for a separate affirmative defense, Turner alleges on information and belief that Nalco waived any claim for infringement of the '118 patent based on the course of conduct alleged in paragraphs 24-29, inclusive.

**COUNTERCLAIMS**

Defendant/Counterclaimant Turner brings the following counterclaims against Plaintiff/Counterdefendant Nalco:

**THE PARTIES**

1. Defendant/Counterclaimant Turner is a California corporation with its principal place of business at 845 W. Maude Avenue, Sunnyvale, CA 94085.

2. On information and belief, Nalco, which filed suit against Turner in this district, is an Illinois corporation with its principal place of business at 1601 West Diehl Road, Naperville, IL 60563-1198.

**JURISDICTION AND VENUE**

3. This is an action for declaratory relief. This Court has jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. An actual, substantial and continuing justiciable controversy exists between Turner and Nalco, with respect to which Turner requires a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity and non-infringement of United States Patent No. 6,255,118 (the "'118 patent"), and to the right of Nalco to maintain a suit for alleged infringement of the '118 patent against Turner.

4. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Turner alleges that venue is proper because Turner's counterclaims relate to Nalco's claims, which are before this Court.

-5-

5. According to the allegations of the complaint, Nalco claims to be the sole holder of the entire right, title, and interest in the '118 patent.

6. Nalco has accused Turner of indirectly infringing the '118 patent. Turner denies that it infringes the '118 patent and alleges that the '118 patent is invalid.

7. An actual case or controversy exists between the parties concerning the invalidity and non-infringement of the '118 patent, and that controversy is ripe for adjudication by this Court.

## First Counterclaim
### (Declaration of Non-Infringement of the '118 Patent)

8. Turner hereby incorporates and realleges paragraphs 1 through 7 of these Counterclaims.

9. Nalco alleges that it owns the ''118 patent and has brought suit against Turner for infringement of the '118 patent.

10. Turner alleges that it has not induced or contributed to the infringement of any claim of the '118 patent.

11. An actual case or controversy exists between Nalco and Turner, based on Nalco having filed its complaint against Turner alleging infringement of the '118 patent.

12. Turner has been injured and damaged by Nalco filing a complaint asserting that the '118 patent is infringed by Turner.

13. Declaratory relief is both appropriate and necessary to establish that Turner has not induced or contributed to the infringement of any claim of the '118 patent, and thus the '118 patent cannot be asserted against Turner.

## Second Counterclaim
### (Declaration of Invalidity of the '118 Patent)

14. Turner hereby incorporates and realleges paragraphs 1 through 7 of these Counterclaims.

15. Turner is informed and believes that the '118 patent is invalid for one or more of the reasons alleged in the Affirmative Defenses of the Answer by Turner, which paragraphs are

-6-

1 incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

16. An actual case or controversy exists between Nalco and Turner, based on Nalco having filed its complaint against Turner alleging infringement of the '118 patent.

17. Turner has been injured and damaged by Nalco filing a complaint asserting that Turner infringes the '118 patent, which is invalid.

18. Declaratory relief is both appropriate and necessary to establish that the '118 patent is invalid, and thus cannot be asserted against Turner.

## **PRAYER FOR RELIEF**

WHEREFORE, Turner prays for relief as follows:

A. Nalco's complaint be dismissed with prejudice and Nalco recover nothing thereon;

B. For an entry of judgment in favor of Turner and against Nalco;

C. For an entry of judgment declaring that Turner has not infringed the '118 patent;

D. For an entry of judgment declaring that the '118 patent is invalid;

E. For costs and attorneys' fees in connection with the complaint and the Counterclaims pursuant to 35 U.S.C. § 285;

F. For interest thereon at the legal rate; and

G. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Turner demands a trial by jury of all claims and issues so triable.

Dated: Dated: August 15, 2013      FEINBERG DAY ALBERTI & THOMPSON LLP


By: */s/ Ian N. Feinberg*
    IAN N. FEINBERG

Attorneys for Defendant
TURNER DESIGNS, INC.

**DEMAND FOR JURY TRIAL**

Turner demands a trial by jury of all claims and issues so triable.

Dated: August 15, 2013         FEINBERG DAY ALBERTI & THOMPSON LLP


By: */s/ Ian N. Feinberg*
　　IAN N. FEINBERG

Attorneys for Defendant
TURNER DESIGNS, INC.