1   BRYAN WILSON (CA SBN 138842)
    BWilson@mofo.com
2   ALESSA YIN-CHEN PHANG (CA SBN 286872)
    APhang@mofo.com
3   MORRISON & FOERSTER LLP
    755 Page Mill Road
4   Palo Alto, California  94304-1018
    Telephone: 650.813.5600
5   Facsimile: 650.494.0792

6   Attorneys for Plaintiff
    NALCO COMPANY
7
    IAN N. FEINBERG (SBN 88324)
8   ifeinberg@feinday.com
    ELIZABETH DAY(SBN 177125)
9   eday@feinday.com
    MARC BELLOLI (SBN 244290)
10  mbelloli@feinday.com
    PETER MIKHAIL (SBN 214638)
11  pmikhail@feinday.com
    FEINBERG DAY ALBERTI & THOMPSON LLP
12  1600 El Camino Real, Suite 280
    Menlo Park, CA 94025
13  Tel: 650.618.4360
    Fax: 650.618.4368
14
    Attorneys for Defendant
15  TURNER DESIGNS, INC.

16                  UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18

19  NALCO COMPANY,                          No. C 13-02727 NC

20                  Plaintiff,
                                            **JOINT CASE MANAGEMENT**
21        v.                                **STATEMENT AND [PROPOSED]**
                                            **ORDER**
22
                                            Date:  September 11, 2013
23  TURNER DESIGNS, INC.,                   Time:  10:00 a.m.
                                            Courtroom:  A, 15th Floor
24                  Defendant.              Judge:  Hon. Nathanael Cousins

25                                          Complaint filed on June 13, 2013

26                                           JURY TRIAL DEMANDED

27

28

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, plaintiff Nalco Company ("Plaintiff" or "Nalco") and defendant Turner Designs, Inc. ("Defendant" or "Turner") hereby submit the following Joint Case Management Statement and [Proposed] Case Management Order.

**1.      Jurisdiction and Service**

The Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal question); 28 U.S.C. section 1338(a) (any act of Congress relating to patents).  Venue and jurisdiction are appropriate because Turner is based in this district and Nalco has availed itself of this district by, among other things, asserting its patents here.  All parties have been served.

**2.      Facts**

Nalco filed its Complaint on June 13, 2013 alleging that Turner's products infringe some or all of United States Patent No. 6,255,118 (the "'188 patent").  The Complaint contains one cause of action for induced and/or contributory infringement of the '118 patent.

On August 15, 2013 Turner filed its Answer to the Complaint, denying all allegations and asserting counterclaims for declaratory judgment of noninfringement and for invalidity of the '118 patent.

**3.      Legal Issues**

The central legal issues in this case are

   a)   The construction of the disputed claim terms.

   b)   The determination of whether Turner has induced or contributed to the infringement of the asserted claims of the '118 patent.

   c)   The determination of whether the asserted claims of the '118 patent are invalid.

   d)   The determination of whether Nalco's claims are barred, in whole or in part, by the various equitable and legal defenses raised by Turner.

   e)   If the asserted patents are infringed and not invalid, the determination of damages.

   f)   If the asserted patents are infringed and not invalid, whether an injunction is appropriate.

g) The determination of whether Turner's infringement, if any, of the '118 patent is willful.

h) Whether this case is exceptional under 35 U.S.C § 285 such that attorney's fees are appropriate.

**4.** **Motions**

There are no pending motions.  The parties may move for summary judgment addressed to some or all of the claims and defenses in this action.

**5.** **Amendment of Pleadings**

The parties do not presently anticipate any amendments to the pleadings.

**6.** **Evidence Preservation**

Both parties reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.** **Disclosures**

The parties exchanged initial disclosures on September 4, 2012, in accordance with Federal Rule of Civil Procedure 26(a).  Plaintiff's initial disclosures are attached hereto as Exhibit A.  Defendant's initial disclosures are attached hereto as Exhibit B.

**8.** **Discovery**

No discovery has been served at this time.  The parties agree that discovery will proceed pursuant to the Federal Rules of Civil Procedure except at outlined below.  The parties' respective proposed discovery plans are set out below in Section 17.

**9.** **Class Actions**

Not applicable.

**10.** **Related Cases**

There are no related cases at this time.

**11.** **Relief**

Nalco has asked for the following relief:

A.      Entry of judgment that Turner has infringed the '118 patent;

B.      Damages as compensation for Turner's infringement of the '118 patent, including prejudgment interest, pursuant to 35 U.S.C. § 284;

C.      Trebling such award of damages due to the willful nature of Turner's infringement of the '118 patent pursuant to 35 U.S.C. § 284;

D.      Permanently enjoin Turner, its officers, agents, servants, employees, attorneys and affiliated companies, assigns and successors in interest, and those persons in active concert or participation with them, from infringing the '118 patent;

E.      Declare this case exceptional pursuant to 35 U.S.C. § 285 and award Nalco its attorney fees, costs and expenses; and

F.      Order any and all other legal and equitable relief as the Court may deem proper and just.

Turner has asked for the following relief:

A.      That Nalco's complaint be dismissed with prejudice and Nalco recover nothing thereon;

B.      An entry of judgment in favor of Turner and against Nalco;

C.      An entry of judgment declaring that Turner has not infringed the'118 patent;

D.      An entry of judgment declaring that the '118 patent is invalid;

E.      Costs and attorneys' fees in connection with the complaint and the Counterclaims pursuant to 35 U.S.C. § 285;

F.      Interest thereon at the legal rate; and

G.      Other and further relief as the Court deems just and proper.

**12.     Settlement and ADR**

To date, the parties have not engaged in any form of ADR.  Nalco proposes court-appointed mediation.  Turner proposes Early Neutral Evaluation.

**13.     Magistrate Judge**

The parties consent to a magistrate judge.

**14.     Other References**

1  The case is not suitable for reference to binding arbitration, a special master, or the

2  Judicial Panel on Multidistrict Litigation.

3  **15.** **Narrowing of Issues**

4  The parties have been unable to identify any issues that can be narrowed by agreement

5  and do not currently have any suggestions to expedite the evidence at trial.

6  **16.** **Expedited Schedule**

7  Not appropriate.

8  **17.** **Scheduling**

9  The parties have met and conferred with respect to the schedule to govern the designation

10 of experts, discovery cutoff, the hearing of dispositive motions, the pretrial conference and trial,

11 and have agreed on the deadlines set forth below.

12 Completion of Fact Discovery:  May 2, 2014

13 Designation of Experts:  May 9, 2014

14 Completion of Expert Discovery:  June 20, 2014

15 Last Day to Hear Dispositive Motions:  August 20, 2014

16 Pretrial Conference:  October 1, 2014

17 Trial:  October 20, 2014

18 **18.** **Trial**

19 The case will be tried to a jury.  The parties anticipate that the trial will require five court

20 days.

21 **19.** **Disclosure of Non-party Interested Entities or Persons**

22 Both parties have filed the "Certification of Interested Entities or Persons" required by

23 Civil Local Rule 3-16.

24 **20.** **Other Matters**

25 None.

26

27

28

1
2

Dated: September 4, 2013                    MORRISON & FOERSTER LLP

3
4

_/s/ Bryan Wilson_
Bryan Wilson

5
6

Attorneys for Plaintiff
NALCO COMPANY

7
8

Dated: September 4, 2014                    FEINBERG DAY LLP

9
10

_/s/ Ian Feinberg_
Ian Feinberg

11

Attorneys for Defendant
TURNER DESIGNS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**FILER'S ATTESTATION**

2

      Pursuant to General Order No. 45, Section X, Subparagraph B, the undersigned attests that

3

all parties have concurred in the filing of this Joint Case Management Statement and [Proposed]

4

Case Management Order.

5

6

Dated:  September 4, 2013

MORRISON & FOERSTER LLP

7

8

9

By:    */s/ Whitney McCollum*
       Whitney McCollum

10

Attorneys for Plaintiff
NALCO COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

HON. JUDGE NATHANAEL COUSINS