1  BRYAN WILSON (CA SBN 138842)
   BWilson@mofo.com
2  ALESSA YIN-CHEN PHANG (CA SBN
   286872)
3  APhang@mofo.com
   MORRISON & FOERSTER LLP
4  755 Page Mill Road
   Palo Alto, California  94304-1018
5  Telephone: 650.813.5600
   Facsimile: 650.494.0792
6
   SCOTT F. LLEWELLYN (CA SBN 34821)
7  SLlewellyn@mofo.com
   MORRISON & FOERSTER LLP
8  5200 Republic Plaza
   370 Seventeenth Street
9  Denver, Colorado  80202-5638
   Telephone: 303.592.1500
10 Facsimile: 303.592.1510

11 WHITNEY E. MCCOLLUM (CA SBN 253039)
   WMcCollum@mofo.com
12 MORRISON & FOERSTER LLP
   425 Market Street
13 San Francisco, California  94105-2482
   Telephone: 415.268.7000
14 Facsimile: 415.268.7522

15 Attorneys for Plaintiff
   NALCO COMPANY
16

17

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20

21 NALCO COMPANY,                          Case No.  CV-13-02727 NC

22              Plaintiff,
                                           **NALCO COMPANY'S STATEMENT**
23      v.                                 **REGARDING DISCOVERY DISPUTE**

24 TURNER DESIGNS, INC.

25              Defendant.

26

27

28

1                                                    **NALCO'S STATEMENT**

2    **Background**

3         Plaintiff Nalco Company ("Nalco") has sued Defendant Turner Designs, Inc. ("Turner"),

4    for infringing Nalco's U.S. Patent No. 6,255,118 ("the '118 patent"), which claims methods of

5    water treatment using a fluorometer. Third party Walchem Iwaki America, Inc. ("Walchem")

6    resells a Turner product (a fluorometer known as the Little Dipper) that is used in the accused

7    process. On October 28, 2014, Nalco served a document subpoena on Walchem that requested

8    information regarding sales and use of the Little Dipper, which is relevant to issues including

9    damages and infringement. Request Nos. 1-15 seek documents related to Nalco, the '118 patent,

10   and the inventors of the '118 patent. Request Nos. 16-19 seek core documents related to

11   Walchem's purchase and resale of the Little Dipper. Nalco granted Walchem multiple extensions

12   of time to respond, and narrowed its requests in response to Walchem's objections. Walchem

13   eventually produced documents in response to Request Nos. 1-15, but refuses to produce

14   documents responsive to Nalco's Request Nos. 16-19.

15   **Unresolved Issues:**

16        All of the claims of the '118 patent cover the use of a fluorometer in a method of water

17   treatment. Turner sells the accused fluorometer, and Walchem is one of Turner's customers.

18   Request Nos. 16-19 seek (1) documents sufficient to identify Walchem's products that function

19   with Turner Designs' Little Dipper Fluorometer, (2) documents sufficient to identify Walchem's

20   customers that use any Walchem system (including Walchem's WebMasterONE) that functions

21   with the Little Dipper Fluorometer, (3) documents relating to any purchase by Walchem of the

22   Little Dipper, and (4) documents relating to any sales by Walchem of the Little Dipper. Walchem

23   does not deny that it has documents responsive to Request Nos. 16-19, and has not made

24   objections that justify its refusal to produce responsive documents. Walchem's sole objections

25   are to relevance and confidentiality.

26   **Nature and Status of the Dispute:**

27        A third party must comply with a subpoena if the evidence sought has relevance to the

28   underlying lawsuit. Fed. R. Civ. P. 45; *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D.

1   388, 392 (C.D. Cal. 2002) (subjecting non-party witness to same scope of discovery as party to

2   litigation, and granting defendants' motion to compel requiring nonparty production of

3   documents responsive to Rule 45 subpoena).  The applicable standards for a Rule 45 document

4   subpoena are the same as for a document request under Rule 34, *i.e.*, that the material sought need

5   only be "relevant to the subject matter" or "reasonably calculated to lead to . . . admissible

6   evidence."  *See* Fed. R. Civ. P. 26(b), 34, 45, advisory committee's notes (1970).

7        There can be no dispute that (1) Walchem has documents responsive to Nalco's Request

8   Nos. 16-19, and (2) the requested documents are directly relevant to the subject matter of Nalco's

9   claims in the underlying litigation.  Nalco alleges that the use of Defendant Turner Designs' Little

10  Dipper Inline Fluorometer infringes Nalco's 118 patent.  Walchem resells the Little Dipper, and

11  markets and sells a product (the "WebMasterONE") for use with the Little Dipper.  Walchem's

12  website provides detailed Little Dipper instruction manuals and information, and specifically

13  emphasizes that "the Little Dipper makes it easy for our WebMaster to measure and control the

14  concentration!"  Walchem also has had a long-term business partnership with Turner, including

15  the joint submission of a bid to produce fluorometers and controller systems for Nalco.

16       Walchem does not, and cannot, contend that it has no responsive documents, or that those

17  documents are not relevant to the subject matter of the litigation.  Instead, Walchem simply

18  served boilerplate objections as to relevance and confidentiality (on November 18, 2013) and

19  refused to produce responsive documents.  But boilerplate objections do not excuse a subpoenaed

20  party from compliance.  *Watts v. Allstate Indem. Co.*, No. 2:08–cv–01877 LKK KJN, 2010 WL

21  4225561, *4 n.4 (E.D. Cal. Oct. 20, 2010) (cautioning against the use of boilerplate objections as

22  ineffective in preserving objections); *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*,

23  246 F.R.D. 522, 528-29 (S.D.W. Va. 2007) (holding that boilerplate objections were

24  inappropriate and constituted waiver of the objections).

25       Nalco's Requests are specifically tailored to its patent infringement claims, and request

26  information relating only to Walchem's WebMasterONE and the Little Dipper.  Nalco has met

27  and conferred with Walchem over the course of nearly three months in an attempt to address

28  Walchem's purported concerns with the scope of the subpoena.  Nalco narrowed its requests in

1    response to Walchem's concerns, including limiting Walchem's obligations to specific custodians

2    and search criteria and providing Walchem with the Protective Order in the underlying litigation

3    to address Walchem's confidentiality concerns.  But Walchem continues to refuse to produce

4    documents responsive to Request Nos. 16-19 (in contrast, Walchem produced documents in

5    response to Nalco's Request Nos. 1-15 on January 22, 2014).

6    **Nalco's Position and Proposed Compromise:**

7        Walchem must produce documents responsive to Nalco's Request Nos. 16-19.

8                     **WALCHEM'S STATEMENT**

9        Walchem refuses to participate in a joint statement unless Nalco agrees that it will make

10    no changes to its portion of the statement after receiving Walchem's statement.  Nalco believes

11    that is unreasonable and inconsistent with the purpose of a joint statement which is for each party

12    to respond to the other party's position.  Nalco suggested that Walchem could further revise its

13    statement if Nalco makes any changes after seeing Walchem's portion, thus ensuring that

14    Walchem has the last word, but Walchem declined that offer.  Nalco provided Walchem with a

15    copy of this statement before filing.

16

17    Dated:   February 10, 2013              BRYAN WILSON
                                        MORRISON & FOERSTER LLP

18

19                               By: _/s/ Bryan Wilson_

20                                    BRYAN WILSON

21                                    Attorneys for Plaintiff
                                    NALCO COMPANY

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2        I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 755 Page Mill Road, Palo Alto, California  94304-1018.  I am not a party to the within cause,
3    and I am over the age of eighteen years.

4        I further declare that on February 10, 2014, I served a copy of:

5        **NALCO COMPANY'S STATEMENT REGARDING
        DISCOVERY DISPUTE**

6

7    ☒    **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof
        enclosed in a sealed envelope with postage thereon fully prepaid, addressed as
8        follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road,
        Palo Alto, California  94304-1018 in accordance with Morrison & Foerster LLP's
9        ordinary business practices.

10        I am readily familiar with Morrison & Foerster LLP's practice for collection and
11        processing of correspondence for mailing with the United States Postal Service, and
        know that in the ordinary course of Morrison & Foerster LLP's business practice the
12        document(s) described above will be deposited with the United States Postal
        Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP
13        with postage thereon fully prepaid for collection and mailing.

14    ☒    **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically
15        mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail
        system to the e-mail address(es) set forth below, or as stated on the attached service
16        list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

17

18    Nicholas A. Brown                    ___ Fax
    Greenberg Traurig, LLP               _X_ U.S. Mail
19    4 Embarcadero Center, Suite 3000     ___ Overnight
    San Francisco, CA  94111-5983        ___ Personal
20    Email: brownn@gtlaw.com

21        I declare under penalty of perjury that the foregoing is true and correct.

22        Executed at Palo Alto, California, this 10th day of February, 2014.

23

24

25

26    _____          _____
        Cynthia D. Fix                          (signature)
27          (typed)

28