NICHOLAS A. BROWN (SBN 198210)
 brownn@gtlaw.com
Stephanie D. Ahmad (SBN 284080)
 ahmads@gtlaw.com
**GREENBERGTRAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Attorneys for Non-Party
Walchem IWAKI America Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NALCO COMPANY,<br><br>               Plaintiff,<br><br>     v.<br><br>TURNER DESIGNS, INC.<br>Defendant. | CASE NO.  CV-13-02727 NC<br><br>**NON-PARTY WALCHEM'S STATEMENT REGARDING ITS DISCOVERY DISPUTE WITH NALCO** |

Plaintiff Nalco alleges that defendant Turner infringes U.S. Patent No. 6,255,118 through its "Little Dipper" fluorometer product. Turner's Little Dipper fluorometer is used to monitor chemical concentrations in water systems. Walchem is a third party that manufactures and sells a variety of products used in industrial water systems to its customers. Walchem is a reseller of Turner's Little Dipper fluorometer. In addition, Walchem sells the WebMasterONE, a product it developed that is capable of being used in combination with Turner's Little Dipper product.

Nalco and Walchem dispute whether Walchem, as a third party, should be required to bear the burden of searching for and then producing what amounts to all documents, including email, "relating" to its ongoing business as a reseller of Turner's Little Dipper product. For example, Nalco is demanding that Walchem produce all "Documents and Communications relating to sales" of the Little Dipper, and all "Documents and Communications relating to purchase[s]" of the Little Dipper. *See* Request Nos. 18-19.

Nalco has not adequately explained why it needs to obtain these broad categories of documents from Walchem. Indeed, Nalco asserts that the "applicable standards for a Rule 45 document subpoena are the same as for a document request under Rule 34," *i.e.*, that Walchem must produce any material sought by a subpoena if it is merely "relevant to the underlying lawsuit." That is not correct. Federal Rule of Civil Procedure 45 "afford[s] nonparties special protection against the time and expense of complying with subpoenas." *Exxon Shipping Co.* v. *U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994); *see* F.R.C.P. 45(d). As part of the protection that Rule 45 provides against imposing "undue burden and expense" on nonparties, they should not be required to provide information that is otherwise available from the parties. *See Nidec Corp.* v. *Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("[t]here is simply no reason to burden [the nonparty] when the documents sought are in possession of the party defendant"). Accordingly, Walchem's position has been that to the extent Nalco identifies documents that it needs to get from Walchem, and the burden on Walchem of providing those documents as a third party is reasonable, then Walchem will provide the documents.

However, Nalco has been unwilling or unable to explain why it needs the documents sought by Request Nos. 16-19 in its subpoena. The documents Nalco seeks appear to relate to

primarily to Walchem's business as a reseller of Turner's Little Dipper product. Turner is a party, and presumably has documents regarding its sales of the Little Dipper to Walchem. Nalco has not explained why it also needs to get documents from Walchem regarding those same sales. Nor has Nalco explained why it needs to get documents from Walchem regarding Walchem's *resale* of allegedly infringing Little Dippers. If Nalco recovers damages for Turner's sales of Little Dippers, it cannot also recover for Walchem's *resale* of the same Little Dippers. *See, e.g. Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617 (2008). While documents from Walchem's business reselling Little Dippers may be broadly "relevant" to "damages and infringement," as Nalco asserts, that is not sufficient reason to require Walchem to be burdened with producing them all.

Similarly, with regard to Walchem's WebMasterONE product, Nalco has identified a number of documents responsive to its Request No. 16 that are available on Walchem's website, including Walchem's instruction manuals explaining how to use the WebMasterONE with the Little Dipper. However, Nalco has not explained why it needs Walchem to produce any other documents, or even why it needs Walchem to produce the documents that Nalco has already obtained from its website.

This dispute has dragged on long enough. Nalco subpoenaed Walchem in October 2013, and Walchem and Nalco have discussed the subpoena at length since then. In December 2013, Nalco demanded that Walchem prepare a statement to the Court about the then-existing disputes regarding the scope of the subpoena. After Walchem incurred the expense of preparing its statement and providing it to Nalco, Nalco decided not to bring the dispute to the Court.[1] Nalco and Walchem ultimately resolved their disputes regarding Request Nos. 1-15 in the subpoena. But as explained above, for Request Nos. 16-19, Nalco still has not explained why Walchem should respond. Absent that explanation—which Nalco has had ample opportunity to provide—Walchem requests that Nalco's subpoena be quashed as to Request Nos. 16-19.

///

///

---

[1] As a result of that experience, Walchem was unwilling to prepare this statement until it knew that Nalco would not change its position again.

DATED: February 11, 2014        **GREENBERG TRAURIG, LLP**

By:    */s/ Nicholas A. Brown*

NICHOLAS A. BROWN (SBN 198210)
  brownn@gtlaw.com
Stephanie D. Ahmad (SBN 284080)
  ahmads@gtlaw.com
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Attorneys for Non-Party
Walchem IWAKI America Inc.

**CERTIFICATE OF SERVICE**

I certify that on the date stated below, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Dated: February 11, 2014                    */s/ Nicholas A. Brown*
                                            Nicholas A. Brown