UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NALCO CO.,<br><br>              Plaintiff,<br><br>    v.<br><br>TURNER DESIGNS, INC.,<br><br>              Defendant. | Case No. 13-cv-02727 NC<br><br>**ORDER DENYING NALCO'S MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 37, 40 |

    Nalco moves to compel the production of documents subpoenaed from non-party Walchem. In response, Walchem asks the court to quash the subpoena as to the four remaining disputed document requests. Because Nalco has failed to establish the relevance of the requested documents, and because some of the documents are available from the defendant in this action, Nalco's motion to compel is denied and Walchem's request to quash is granted.

## BACKGROUND

    Plaintiff Nalco sued defendant Turner alleging that Turner infringes on Nalco's U.S. Patent No. 6,255,118 ("the '118 patent"), which claims methods of water treatment using a fluorometer. Dkt. No. 1. Third party Walchem resells a Turner product called the Little Dipper, which Nalco claims is used in the accused process. Dkt. No. 37 at 2. In addition, Walchem sells the WebMasterONE, "a product it developed that is capable of being used in

combination with Turner's Little Dipper product." Dkt. No. 40 at 2.

In October 2013, Nalco served Walchem with a document subpoena. Four of the requests, Nos. 16-19, related to Walchem's resale of the Little Dipper and sale of the WebMasterONE or other systems designed to be used with the Little Dipper. Dkt. No. 37 at 2. According to Nalco, the purpose of the requests is to discover "(1) documents sufficient to identify Walchem's products that function with Turner Designs' Little Dipper Fluorometer, (2) documents sufficient to identify Walchem's customers that use any Walchem system (including Walchem's WebMasterONE) that functions with the Little Dipper Fluorometer, (3) documents relating to any purchase by Walchem of the Little Dipper, and (4) documents relating to any sales by Walchem of the Little Dipper." Dkt. No. 37 at 2.

After meet and confer sessions failed to resolve Walchem's objections to the requests, Nalco filed a letter brief requesting that the Court compel Walchem's compliance with the subpoena. *Id.* Walchem responded and opposed the request. Dkt. No. 40. The Court found the matter suitable for resolution without oral argument. Dkt. No. 50.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides that a party may command a non-party to testify at a deposition and "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 26 allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information is relevant when it will be admissible at trial or when the evidence is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Rule 26 relevancy standard also applies to third-party subpoenas. *Beinin v. Ctr. for Study of Popular Culture*, No. 06-cv-02298 JW (RS), 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007).

To determine whether a subpoena should be enforced, the Court is guided by both Rule 45, which protects a subpoenaed party from "undue burden," and Rule 26, which

provides that the court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C)(i). A party or lawyer responsible for issuing and serving a subpoena therefore must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(c)(1). In turn, the court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

## DISCUSSION

For each category of requested documents, Nalco has not met its burden of establishing that its need for the information warrants the burden of production placed on non-party Walchem.

As for documents related to Turner's sale of the Little Dipper to Walchem, Nalco has not explained why it cannot get these documents from Turner, who is a party to this litigation. This alone is sufficient to warrant denying Nalco's request to compel this category of documents. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

In addition, Nalco's only explanation for needing documents related to Walchem's sale of the Little Dipper is that it is relevant to "damages and infringement." But Nalco does not explain how it could recover damages from Turner for Walchem's resale of the Little Dipper. Nalco's vague assertion of relevance is not sufficient to warrant the burden imposed on non-party Walchem in producing these documents. *See EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 12-cv-080082-LHK PSG, 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012) ("the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.").

Similarly, regarding the documents related to the WebMasterONE or other Walchem

Case No. 13-cv-02727 NC
ORDER DENYING NALCO'S MOTION         3
TO COMPEL

products designed to work with the Little Dipper, Nalco has not explained why these documents are relevant at all, yet alone why their relevance outweighs the burden to be imposed on non-party Walchem. Nalco has nowhere set forth its theory of relevance for these documents, and the Court will not speculate as to their purpose. *See id.*

## CONCLUSION

For the reasons described, the Court DENIES Nalco's motion to compel non-party Walchem's compliance with requests Nos. 16-19 of the document subpoena.

IT IS SO ORDERED.

Date:  March 31, 2014

                                                                _____
                                                                Nathanael M. Cousins
                                                                United States Magistrate Judge