NICHOLAS A. BROWN (SBN 198210)
  brownn@gtlaw.com
STEPHANIE D. AHMAD (SBN 284080)
  ahmads@gtlaw.com
**GREENBERGTRAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Attorneys for Non-Party
Walchem IWAKI America Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NALCO COMPANY,<br><br>              Plaintiff,<br><br>   v.<br><br>TURNER DESIGNS, INC.<br>Defendant. | CASE NO.  CV-13-02727 NC<br><br>**NON-PARTY WALCHEM'S RESPONSE TO NALCO'S REQUEST FOR RECONSIDERATION** |

This brief responds to Nalco Company's ("Nalco") request for reconsideration of the court's order quashing the disputed portion of Nalco's document subpoena to Walchem. Of necessity, this brief also addresses Nalco's *second* subpoena to Walchem, which requests a deposition of Walchem on a list of twenty-four (24) topics that are substantially the same as the document requests in the first subpoena.

Nalco argues that the court should reconsider its order quashing the disputed portion of the *document* subpoena because "the parties met and conferred prior to this motion," "Nalco further narrowed its requests," and "Walchem confirmed that it had the requested information and it would not be burdensome for it to produce it." Dkt. No. 57 at 1.

Nalco's argument is misleading. Walchem and Nalco's discussions about the document subpoena ended when they presented their dispute to the court, and there was no discussion whatsoever of reconsideration. When the parties met and conferred, it was about the *deposition* subpoena.[1] After the Court quashed the disputed portion if Nalco's document subpoena, Walchem asked Nalco to exclude the corresponding subject matter from its deposition subpoena. Nalco refused, arguing that the Court's decision to quash the document subpoena made it more important for Nalco to obtain the corresponding information through a deposition. Though Walchem believed Nalco's position was unreasonable, in an effort to avoid having to litigate a second discovery motion as a third-party, Walchem made a good-faith effort to negotiate a compromise. Nalco is now relying on those negotiations as a basis for requesting that the court reconsider its order quashing the document subpoena. At the same time, Nalco is continuing to pursue its demand for a deposition—Nalco rejected Walchem's proposed compromise on the same day that it filed its motion for reconsideration.[2]

Walchem requests that the Court resolve the situation by adopting the compromise proposal that Walchem crafted with Nalco, and making such other orders as are necessary to determine and finally resolve Walchem's involvement in this matter—including an order that

---

[1] *See* Attachment A (deposition subpoena). Nalco issued the deposition subpoena shortly after the Court informed the parties that it would resolve the dispute about the document subpoena without oral argument. *See* Attachment B (email correspondence regarding service of deposition subpoena).

[2] *See* Attachment C (email correspondence regarding proposed compromise on deposition subpoena).

Nalco not issue further subpoenas to Walchem in this case. As explained below, Nalco's motion for reconsideration is substantively and procedurally improper—not least because it seeks to use good-faith negotiations about a second subpoena as "new facts" that justify reconsideration of the first subpoena. However, regardless of whether the court grants or denies Nalco's motion, Walchem loses if it then has to separately litigate the deposition subpoena.

A.  **Walchem's proposed compromise should be adopted because it provides Nalco with all of the information that it reasonably needs.**

After multiple telephone calls and a lengthy face-to-face meeting, Walchem offered to resolve Nalco's deposition subpoena by providing the following information:

(1) A list of customers to whom it has re-sold Turner's Little Dipper product;

(2) A sworn statement saying that Walchem instructs its customers to use its WebMasterONE controller—which can be used with the Little Dipper—as shown in the manual that Walchem has posted on its website[3];

(3) The most-recent contact information that Walchem has for the two former Walchem employees that were substantially involved in the long-past "Project Arrow" negotiations, Mike Drainville and Scott Kohler;

(4) Sworn statement(s) authenticating the documents Nalco produced in response to Nalco's document subpoena.

This proposed compromise provides Nalco with the information that it requests in its motion for reconsideration, as well as with all the information that it has been able to explain it needs to obtain from Walchem this case. Questions of admissibility and authentication need to be addressed—it was Walchem's express intent to provide the information in (1), (2), and (4) in a manner that Nalco believed to be adequate to address those questions. Walchem suggested that this could be accomplished by providing the information as responses under Rule 31 (deposition by written questions). Alternatively, Nalco and Turner could stipulate to the admissibility of the information in (1) and (2) and to the authenticity of the documents that Walchem produced.

When Nalco rejected this compromise, it offered four reasons that it needed to proceed with a full-fledged deposition on twenty-four (24) topics. The first two reasons were the issues of admissibility and authentication addressed above. The other two reasons were that: (a) Nalco

---

[3] If Walchem sells other products that are intended to function with the Little Dipper (counsel for both Nalco and Walchem were not aware of any such products as of their most recent discussion), then Walchem would provide an analogous statement for each such product.

1  believes it is entitled to ask about the "Project Arrow" documents produced by Walchem,
2  notwithstanding the fact that there is nobody left at Walchem with any substantial or meaningful
3  knowledge regarding "Project Arrow"; and (b) Nalco believes it is entitled to ask questions about
4  the full range of deposition topics that go beyond those covered by the proposed compromise.[4]
5  Neither of these "reasons" actually provides any explanation of why the requested deposition is
6  necessary.

7  Nalco's request for reconsideration provides a fifth "reason" for a deposition: "Nalco needs
8  a Walchem deposition to determine the precise extent of Walchem's instruction to its customers."
9  Dkt. 57 at p. 3. Again, however, this is not an explanation. Walchem will testify that it instructs
10 its customers to operate use its product in accordance with the 180-page manual that is available
11 on its website (and was available prior to any of these subpoenas). If there is some relevant detail
12 that is not in the manual, or some lack of clarity about a relevant point, then Nalco should be able
13 to point it out and explain its relevance. Nalco has not done that. At best for Nalco, the
14 explanation for this is that Nalco has not yet figured out whether it has questions that go beyond
15 the manual, so it is trying to keep its options open. But Walchem should not be forced to prepare
16 for a deposition merely because Nalco thinks it might have questions about some specific aspect
17 of the manual.

18 More generally, Nalco has had Walchem's documents for months, and if it has *any* specific
19 issues or questions beyond those that are addressed by the proposed compromise, it should have
20 been able to identify and explain them. It has not. Walchem has listened carefully to Nalco's
21 concerns, requests, and explanations—over the course of more than six months, and two
22 overlapping subpoenas—and has tried to address them all in a manner that is reasonable and
23 efficient in terms of expending its own resources. At some point, enough is enough. Walchem
24 believes that point has been reached, or at the very least, that point will have been reached after the
25 conclusion of the hearing scheduled for Wednesday, May 7.

---

[4] *See* Attachment C (email correspondence regarding proposed compromise on deposition subpoena).

**B.     Nalco's request for reconsideration is procedurally improper because Nalco did not comply with Civil Local Rule 7-9(a).**

Civil Local Rule 7-9(a) states that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Nalco did not move for leave prior to filing this motion. Nalco asserts that it filed its letter brief "[p]ursuant to this Court's April 16, 2014 Order." That order required Nalco to "submit a letter brief explaining any remaining disputes or provide update with third party Walchem." A motion for reconsideration, by definition, does not explain "remaining disputes." Rather, it attempts to reopen disputes that the court already resolved.

**C.     Nalco's request for reconsideration is substantively improper because it presents arguments and facts that should have been presented earlier.**

The court quashed the disputed portion of Nalco's first subpoena in part because "Nalco has not explained why these documents are relevant at all, yet alone why their relevance outweighs the burden to be imposed on non-party Walchem." Dkt. 54 at p. 4. Nalco's request for reconsideration belatedly attempts to provide the explanation of relevance that was missing from its earlier papers. Indeed, Nalco acknowledges that the "new" facts it presents are separate from its explanation of relevance: "This letter describes the relevance of the requested documents, and adds the pertinent fact (not known at the time of the original filing) that Turner either does not have this information or is limited in its knowledge." Dkt. 57 at p.1 (emphasis added). Allowing Nalco to offer arguments for reconsideration that it could have presented in the original briefing is not fair to Walchem, or to the court, and it is prohibited by Civil Local Rule 7-9.

The court also quashed Nalco's first subpoena in part because "Nalco has not explained why it cannot get these documents from Turner, who is a party to this litigation." Dkt. 54 at p. 3. Nalco argues that reconsideration is appropriate because that it did not previously know that "Turner either does not have this information or is limited in its knowledge." Dkt. 57 at p.1 This argument is also misguided, because Nalco should have sought discovery from Turner first. *See* Fed. R. Civ. P. 45(d). Instead, Nalco requested documents from Walchem in October 2013—a full four months before Nalco deposed a Turner representative (on February 27, 2014) and reportedly learned that Turner did not have the documents it needed. Nalco should not be allowed

to use its delay in seeking information from Turner as an excuse to revisit its failure to justify obtaining documents from Walchem.

Finally, Nalco's request for reconsideration is improper because it seeks to exploit Walchem's good-faith negotiations about its second subpoena as "new facts" that justify reconsideration of the first subpoena. Nalco argues that "Walchem has admitted that a production of this information is manageable and feasible from a burden standpoint" because Walchem offered a compromise in a (misguided) effort to avoid the burden and expense of either seeking a protective order, or preparing and proffering a witness for deposition. This argument is factually wrong—what Walchem "admitted" is that it does not want to incur the burden of a deposition. More importantly, though, it would be unfair to allow Nalco to use Walchem's willingness to meet and confer about the deposition subpoena (as required by the local rules) to justify reconsideration of the court's decision about the first subpoena.

DATED:  May 6, 2014                            **GREENBERG TAURIG, LLP**

By:   */s/ Nicholas A. Brown*

NICHOLAS A. BROWN (SBN 198210)
   brownn@gtlaw.com
STEPHANIE D. AHMAD (SBN 284080)
   ahmads@gtlaw.com
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Attorneys for Non-Party
Walchem IWAKI America Inc.

## CERTIFICATE OF SERVICE

I certify that on the date stated below, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Dated:  May 6, 2014                          */s/ Nicholas A. Brown*
                                                           Nicholas A. Brown