UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NALCO CO.,<br><br>            Plaintiff,<br><br>      v.<br><br>TURNER DESIGNS, INC.,<br><br>            Defendant. | Case No. 13-cv-02727 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 82 |

On the eve of the close of fact discovery, Nalco moved to amend its infringement contentions in this method patent infringement action. The Court grants Nalco leave to amend its infringement contentions to identify direct infringers and to add the non-threaded version of the Little Dipper, because Nalco has demonstrated that it was diligent in seeking third-party discovery that necessitated the amendment. But the Court denies leave to amend to add a direct infringement theory against Turner, as Nalco could have brought this theory earlier in the litigation and the recent *Limelight* decision did not change the law on direct infringement.

## I. BACKGROUND

Nalco served its original infringement contentions on October 14, 2013. Dkt. No. 83-1. The infringement contentions alleged indirect infringement by Turner of Claims 1 and 2

of Nalco's U.S. Patent No. 6,255,118 ('118 patent) based on the use of Turner's Little Dipper fluorometer to perform the method covered by the '118 patent. *Id.*

Since Nalco served the infringement contentions, the parties have exchanged substantial written discovery. Nalco also pursued third-party discovery from several of Turner's Little Dipper customers. *See* Dkt. No. 54; *Nalco Co. v. Chem-Aqua, Inc.*, No. 14-mc-80183 RS (NC), 2014 WL 3420463 (N.D. Cal. July 10, 2014). Nalco took third-party depositions in the months of May and June. Dkt. No. 83 at ¶ 2. Fact discovery closed on July 4, 2014, and the parties exchanged expert reports in late July and early August. Dkt. No. 64.

Nalco served Turner with its proposed amended infringement contentions on June 19, 2014. Dkt. No. 83-2 at 2. The proposed amended infringement contentions identify the direct infringers as part of Nalco's indirect infringement theory, identify the non-threaded version of the Little Dipper as being used to infringe the '118 patent, and add a direct infringement theory against Turner. Dkt. No. 83-6. Nalco filed its motion to amend infringement contentions on July 2, 2014. Dkt. No. 82. The Court heard oral argument on August 6, 2014. Dkt. No. 92.

## II. LEGAL STANDARD

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Patent Local Rule 3-6 "serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 12-cv-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (citing *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

Good cause for granting a motion to amend infringement contentions exists when the moving party shows (1) that it was diligent in amending its contentions; and (2) that the non-moving party will not suffer undue prejudice if the motion is granted. *O2 Micro*, 467 F.3d at 1366. "In considering the party's diligence, the critical question is whether the party 'could have discovered [the new information] earlier had it acted with the requisite

diligence.'" *Apple*, 2012 WL 5632618, at *6 (citing *Google, Inc. v. Netlist*, No. 08-cv-04144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010)). If the moving party fails to establish diligence, there is "no need to consider the question of prejudice." *O2 Micro*, 467 F.3d at 1368.

## III. DISCUSSION

Nalco moves to amend to add (1) the identities of direct infringers of the '118 patent under its indirect infringement theory; (2) the non-threaded model of the Little Dipper as a product used to infringe the '118 patent; and (3) a theory that Turner directly infringes the '118 patent. Nalco argues that the first two additions are justified based on recent discovery, and the direct infringement theory is justified based on the recent Supreme Court decision in *Limelight Networks, Inc. v. Akamai Technologies, Inc*., 134 S. Ct. 2111 (2014). The Court finds that good cause exists to add the identities of direct infringers and to add the non-threaded version of the Little Dipper in light of recent discovery. But the Court denies the motion to add the direct infringement theory based on *Limelight*, as that case did not materially change the law on direct infringement.

**A.   Identifying Direct Infringers**

Nalco has always alleged an indirect infringement theory, originally contending that Turner "and/or its customers (purchasing either directly or indirectly from Turner) provide a solid state fluorometer" which is used to infringe the '118 patent. Dkt. No. 83-1 at 8. In the amended infringement contentions, Nalco specifies that Turner induces infringement by "directing and instructing entities including water treatment companies and end-users to practice a method of monitoring concentration of chemicals in industrial water systems" by using the Little Dipper. Dkt. No. 83-2 at 3. Nalco thus specifies water treatment companies and end users as the third parties that directly infringe the '118 patent as instructed by Turner.

Nalco argues that this change is based on evidence discovered in the last two months that demonstrated, contrary to its earlier understanding, that Turner directly communicated and sold Little Dippers to some end users. Dkt. No. 91 at ¶¶ 5-7. The Court finds that

Case No. 13-cv-02727 NC
ORDER GRANTING IN PART
MOTION TO AMEND CONTENTIONS                   3

Nalco has shown it diligently pursued third-party discovery and moved to amend shortly after learning about Turner's interactions with end users. *See Brandywine Commc'ns Technologies, LLC v. AT & T Corp.*, No. 12-cv-02494 CW, 2014 WL 1569544, at *16 (N.D. Cal. Apr. 18, 2014) (finding amendment based on third-party discovery appropriate where plaintiff "served its third-party subpoenas at a relatively early stage of discovery but was ultimately delayed in taking depositions of the relevant third parties."). The amendment is thus appropriate, especially given that Nalco has always alleged indirect infringement and identification of end users as the direct infringers effectively narrows the theory rather than expands it. *See id.* (finding limited scope of proposed amended contentions weighed in favor of granting leave to amend).

The Court finds that the prejudice of these limited amendments to Turner is low, given that Turner has not identified any additional discovery it would require in light of the amendments, and counsel indicated at oral argument that the parties' experts considered the amended contentions in their expert reports. Leave to amend is therefore granted to identify direct infringers of the '118 patent.

**B.    Identifying the Non-Threaded Little Dipper**

For similar reasons, the Court finds Nalco has shown good cause to add the non-threaded version of the Little Dipper to its infringement contentions. Although Nalco was aware of the non-threaded version of the Little Dipper prior to its initial infringement contentions, Dkt. No. 87-1 at ¶¶ 25, 26, Nalco has shown that it did not know that the non-threaded version was used in an infringing manner until recent discovery demonstrated that customers use the non-threaded version with a tee. Dkt. No. 91 at ¶¶ 2-4. That nuance is important, given that the '118 patent is a method patent, and thus Nalco's ability to examine the non-threaded Little Dipper was unhelpful without understanding how the product might be used to infringe the method. The Court finds this sufficient to justify amendment, and finds that Nalco was diligent in pursuing the third-party discovery that led to the change.

As with the identity of infringers, the Court finds the prejudice to Turner is low, given that additional discovery does not appear necessary. *See Network Appliance Inc. v. Sun*

*Microsystems Inc.*, No. 07-cv-06053 EDL, 2009 WL 2761924, at *3 (N.D. Cal. Aug. 31, 2009) (finding no undue prejudice where parties would not require additional discovery due to amended infringement contentions).

**C.     Adding a Direct Infringement Theory**

The Court denies leave to amend to bring a direct infringement theory against Turner because Nalco could have brought such a theory in its original infringement contentions. Nalco argues that the addition of the new theory is justified based on the recent Supreme Court decision in *Limelight Networks, Inc. v. Akamai Technologies, Inc*. That case, however, did not deal with direct infringement. The Court limited its analysis to indirect infringement and "[w]hether the Federal Circuit erred in holding that a defendant may be held liable for inducing patent infringement under 35 U.S.C. § 271(b) even though no one has committed direct infringement under § 271(a)." 134 S. Ct. 2111, 2120 (2014). Respondents asked the Court to review the Federal Circuit's holding in *Muniauction, Inc. v. Thomson Corp.* that "a method patent is not directly infringed—and the patentee's interest is thus not violated—unless a single actor can be held responsible for the performance of all steps of the patent." *Id.* at 2119-20. But the Supreme Court expressly declined to review this issue. *Id.* Thus, nothing about *Limelight* made a direct infringement theory suddenly viable for Nalco.

Nalco argues that it is moving to amend "to preserve the ability to assert direct infringement if the Federal Circuit further articulates a theory of divided (but nonetheless direct) infringement." Dkt. No. 89 at 5. But divided direct infringement was not the law before *Limelight* and is not the law now. The Supreme Court in *Limelight* highlighted that the Federal Circuit is free to revisit its precedent on direct infringement "if it so chooses." 134 S. Ct. at 2120. This dicta does not justify the late addition of a new theory in this case based on Nalco's speculation that the law of direct infringement may change. The law is always evolving, but the parties must play with the legal cards they have, rather than the ones they hope to be dealt.

//

Case No. 13-cv-02727 NC
ORDER GRANTING IN PART
MOTION TO AMEND CONTENTIONS                5

Because the Court finds Nalco was not diligent in bringing a direct infringement theory against Turner, the Court need not assess the potential prejudice to Turner. *See O2 Micro,* 467 F.3d at 1368.

## IV. CONCLUSION

The Court grants Nalco leave to amend to identify direct infringers of the '118 patent and to add the non-threaded version of the Little Dipper. The Court denies leave to amend to bring a direct infringement theory. Nalco must serve Turner with its amended infringement contentions within two days of this order.

Because the Court has considered but does not rely on the Feinberg Declaration at docket entry 87-1 in reaching its conclusion, the Court declines to rule on Nalco's objections.

IT IS SO ORDERED.

Date: August 11, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge