UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NALCO CO.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TURNER DESIGNS, INC.,<br><br>　　　　　　Defendant. | Case No. 13-cv-02727 NC<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 95 |

Before the Court is Turner's administrative motion to file documents under seal in this patent infringement action.  These materials relate to Turner's motion for summary judgment and involve documents designated as "confidential" by Nalco.  The issue is whether Turner has shown compelling reasons to overcome the presumption of public access and to warrant filing these documents under seal.  Because Turner has not articulated any compelling reason why the documents relating to its summary judgment motion should be sealed nor has it narrowly tailored its requests, the Court denies Turner's administrative motion to seal.

## LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Therefore, a party must demonstrate

"compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  In light of a weaker public interest in nondispositive materials, the "good cause" standard from Federal Rule of Civil Procedure 26(c) applies when parties wish to keep them under seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## DISCUSSION

Because Turner's motion for summary judgment is a dispositive motion, the Court applies the "compelling reasons" standard to its administrative motion to seal. *See Kamakana*, 447 F.3d at 1179 (describing summary judgment motions and related attachments as dispositive pleadings). Examples of compelling reasons include "the use of court records for improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* "[S]ources of business information that might harm a litigant's competitive standing" may also give rise to a compelling reason to seal. *Nixon*, 435 U.S. at 598.

Here, Turner fails to articulate compelling reasons, supported by specific factual findings, as to why the Court should seal the documents it seeks to file. Instead, Turner's only argument is that because Nalco has marked the documents "Confidential Attorney's Eyes Only," it must be so. Such conclusory assertions do not constitute good cause, "let alone a compelling reason," to seal. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

In addition to articulating compelling reasons supported by particularized findings, parties moving to seal documents must comply with the procedures established by Civil

Local Rule 79-5. The rule permits sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). It also requires parties to "narrowly tailor" their requests only to the sealable material. *Id.* at 79-5(d). Indeed, although it may sometimes be appropriate to seal a document in its entirety, when possible a party must redact. *See Murphy v. Kavo Am. Corp.*, 11-cv-00410-YGR, 2012 WL 1497489, at *2-3 (N.D. Cal. 2012) (denying motion to seal entire exhibits, but allowing parties to redact confidential information); *Kamakana*, 447 F.3d at 1183 (noting that redactions are preferable as they "have the virtue of being limited and clear.").

In this instance, Turner fails to state specifically why the documents, in their entirety, are entitled to protection under the law from public disclosure. Turner made no redactions to any of the declarations in support of their summary judgment motion nor to the documents labeled as exhibits. While it did redact portions of the summary judgment motion— including entire sections—Turner failed to explain why such portions are privileged or otherwise protected.

In support of its motion, Turner states that the information it seeks to seal has been deemed confidential by Nalco. Nalco, in a statement of non-opposition, expresses similar rationales, including that the documents "contain sensitive business information." (Dkt. No. 103 at ¶ 4). Neither party establishes that this information is competitively sensitive, contains a trade secret, or could be used for an improper purpose. Nor do they articulate what prejudice or harm will result if the information is made public. While certain documents or portions of them may merit sealing, Turner has not shown how the materials it wishes to shield from public view meets the "compelling reasons" standard nor has it narrowly tailored its requests. While Turner made no mention of any protective order in this case, the parties should note that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A).

Case No. 13-cv-02727 NC
ORDER DENYING ADMINISTRATIVE    3
MOTION TO SEAL

**CONCLUSION**

Turner's administrative motion to file under seal materials related to Turner's motion for summary judgment, Dkt. No. 95, is DENIED. The parties must either file unsealed versions of the documents they wish to rely upon, or resubmit motions to seal in accordance with this order within seven days.

IT IS SO ORDERED.

Date: September 8, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge