1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11   NALCO COMPANY, | Case No. 13-cv-02727 NC |
| 12                    Plaintiff, | |
| 13        v. | **ORDER DENYING IN PART NALCO'S AND TURNER'S ADMINISTRATIVE MOTIONS TO SEAL** |
| 14   TURNER DESIGNS, INC., | |
| 15                    Defendant. | Re: Dkt. Nos. 104, 110, 111, and 113 |
| 16 | |

17

18         Before the Court are administrative motions by Nalco and Turner to file under seal

19   documents relating to Turner's summary judgment motion, Nalco's opposition, Turner's

20   reply, and Nalco's objections to Turner's reply.  The issue is whether the parties have

21   shown compelling reasons to overcome the presumption of public access and to warrant

22   filing these documents under seal.  For the most part, because the parties have not

23   articulated a compelling reason why the documents should be sealed and have not

24   narrowly tailored their requests, the Court denies the parties' administrative motion to seal

25   to all documents, with the exception of a few documents outlined below.

26                              **LEGAL STANDARD**

27         There is a presumption of public access to judicial records and documents.  *Nixon*

28   *v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Therefore, a party must

1   demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion.

2   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also*

3   *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1220-22 (Fed. Cir. 2013)

4   (applying Ninth Circuit law when reviewing Northern District of California court's order

5   sealing or unsealing judicial records).  In light of a weaker public interest in

6   nondispositive materials, the "good cause" standard from Federal Rule of Civil Procedure

7   26(c) applies when parties wish to keep them under seal.  *Pintos v. Pac. Creditors Ass'n*,

8   605 F.3d 665, 678 (9th Cir. 2010).  "[T]he party seeking protection bears the burden of

9   showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen.*

10  *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized

11  showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v.*

12  *U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad

13  allegations of harm, unsubstantiated by specific examples or articulated reasoning" are

14  insufficient.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  "

15  **DISCUSSION**

16      Because the parties' various motions stem from Turner's motion for summary

17  judgment, a dispositive motion, the Court applies the "compelling reasons" standard to the

18  parties' motions to seal.  *See Kamakana*, 447 F.3d at 1179 (describing summary judgment

19  motions and related attachments as dispositive pleadings).  Examples of compelling

20  reasons include "the use of court records for improper purposes," such as "to gratify

21  private spite, promote public scandal, circulate libelous statements, or release trade

22  secrets."  *Id.*  "[S]ources of business information that might harm a litigant's competitive

23  standing" may also give rise to a compelling reason to seal.  *Nixon*, 435 U.S. at 598.  "The

24  mere fact that the production of records may lead to a litigant's embarrassment,

25  incrimination, or exposure to further litigation will not, without more, compel the court to

26  seal its records."  *Kamakana*, 447 F.3d at 1179.

27      In addition to articulating compelling reasons supported by particularized findings,

28  parties moving to seal documents must comply with the procedures established by Civil

1   Local Rule 79-5.  The rule permits sealing orders only where the parties have

2   "establishe[d] that the document or portions thereof is privileged or protectable as a trade

3   secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  It also

4   requires parties to "narrowly tailor" their requests only to the sealable material.  *Id.* at 79-

5   5(d).  Indeed, although it may sometimes be appropriate to seal a document in its entirety,

6   when possible a party must redact.  *See Murphy v. Kavo Am. Corp.*, 11-cv-00410-YGR,

7   2012 WL 1497489, at *2-3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal entire

8   exhibits, but allowing parties to redact confidential information); *Kamakana*, 447 F.3d at

9   1183 (noting that redactions are preferable as they "have the virtue of being limited and

10  clear.").

11          "A party's bare assertion that the documents are confidential does not meet the

12  'compelling reasons' standard outlined above."  *Morse v. San Francisco Bay Area Rapid*

13  *Transit Dist. (Bart)*, No. 12-CV-5289 JSC, 2014 WL 554595, *2 (N.D. Cal. Feb. 7, 2014).

14  Nor do such conclusory assertions meet the requirements of the Local Rules.  *See* Civ.

15  L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to

16  designate certain documents as confidential is not sufficient to establish that a document,

17  or portions thereof, are sealable.").

18          When the filing party is not the designating party, it may be unable to provide the

19  compelling reason or good cause for sealing the material.  In those instances, the

20  designating party has four days to file a declaration providing the compelling reason or

21  good cause for sealing the material.  Civ. L.R. 79-5(e)(1).  If no such declaration is filed,

22  the sealing motion will be denied.  *See Morse*, 2014 WL 554595 at *2 (denying motion to

23  seal where "Plaintiff seeks to file some of the exhibits under seal based on Defendants'

24  designation of those documents as confidential [and] Defendants have not filed a

25  declaration establishing that all the materials are sealable as required by Local Rule 79–

26  5(e)(1).").

27          Finally, documents already publicly available, such as those that come from public

28  websites, fail to even satisfy the "good cause" standard and will not be sealed.  *Apple, Inc.*

1   *v. Samsung Electronics Co., Ltd.*, No. 11-cv-01846 LHK, 2012 WL 4718104, * 3 (N.D.

2   Cal. Sept. 28, 2012).

3       With these standards in mind, the Court rules as follows:

## A.   Turner's Summary Judgment Motion

| Dkt. No. | Document Sought to be Sealed | Result | Reasoning |
|---|---|---|---|
| 100 | Portions of Turner's Motion for Summary Judgment. | Unsealed | The portions involve testimony of Nalco's expert, Dr. Vaughn Astley, regarding performance of the claimed method, and the relationship between end users and water treatment companies; testimony from Dr. Astley involving the issue of substantial non-infringing use; testimony from Dr. Larry Russell, Turner's expert, regarding the issue of substantial non-infringing use; deposition testimony from one of the inventors that goes to the issue of invalidity; passages referring to the identity of the end users.<br><br>Passages from Dr. Astley and Dr. Russell go to the heart of Turner's argument over direction or control as well as the issues of invalidity and substantial non-infringing use, which serve, in part, as the basis of Turner's motion.  *See PNY Technologies, Inc. v. Sandisk Corp.*, 11-CV-04689 WHO, 2014 WL 661620, *2 (N.D. Cal. Feb. 20, 2014) (denying motion to seal where terms of agreements at issue "go to the heart of this case" and "public has right to know on what bases the Court will decide the merits" of the case).  The public has a right to know the contents of the redacted passages, much of which informed and served as the bases for the Court's summary judgment ruling.  Claims of confidentiality are also undercut by Turner's summary judgment PowerPoint presentation in open court—in the presence of the media—which directly quoted the redacted testimony and passages.  Finally, mere designation of confidentiality is insufficient. |

| | | | |
|---|---|---|---|
| 95-5 | Declaration of Larry Russell, Ph.D. (designated by Turner). | Unsealed, but Turner can resubmit with redactions | Not narrowly tailored; mere assertion that declaration "consists of confidential excerpts," Dkt. No. 95-1 at ¶ 16, not sufficient to overcome presumption of public access; Turner does not articulate compelling reasons supported by specific findings. |
| 111-3 | Service agreement between water treatment company and end user. Feinberg Decl. Ex. H (designated by Nalco). | Unsealed, but Turner can resubmit with redactions | The parties may redact the pricing information of the agreement. The Court will not allow redaction of other information; the terms of the agreement go to the heart of the direction-or-control issue. |
| 111-4 | Letter between end user and water treatment company. Feinberg Decl. Ex. I (designated by Nalco). | Unsealed, but Turner can resubmit with redactions | The parties may redact the pricing information of the agreement. The Court is not persuaded that redacting other parts of the letter would harm the parties' competitive standing. |
| 111-5 | Purchase agreement between end user and water treatment company. Feinberg Decl. Ex. K (designated by Nalco). | Unsealed | The terms of this agreement go to the heart of the direction or control issue. Pricing information relating to products and services appears to have already been removed. The Court is not persuaded that other information in the document would harm the competitive standing of the parties. Claims of confidentiality over the identity of the end user are undercut by Turner's PowerPoint presentation in open court, in the presence of the media. |
| 95-6 | Expert Report of Nalco expert Dr. Vaughn Astley. Feinberg Decl. Ex. A (designated by Nalco). | Unsealed, but *Nalco* can resubmit with redactions | Not narrowly tailored; mere assertion that document "contains and discusses confidential business information," Dkt. No. 103, is insufficient. Nalco in a supporting declaration offered to provide a redacted version; it may do so if it wishes with an explanation for the redactions. |
| 95-7 | Service agreement between end user and water treatment company. Feinberg Decl. Ex. D (designated by Nalco). | Unsealed | Not narrowly tailored; the terms of the agreement go directly to the heart of the direction-or-control issue. Additionally, Nalco already filed this document unsealed. Dkt. No. 104-35 (Wilson Decl. Ex. 29). |

| 95-8 | Excerpts from deposition of water treatment company. Feinberg Decl. Ex. E (designated by third party). | Unsealed | Not narrowly tailored; Court not persuaded how discussion of water treatment company's policy for equipment installation would lead to cognizable harm. |
|---|---|---|---|
| 95-9 | Purchase order between end user and water treatment company. Feinberg Decl. Ex. G (designated by Nalco). | Unsealed, but Turner can resubmit with redactions | The parties may redact the pricing information of the agreement. The Court is not persuaded that redacting other parts of the letter would harm the competitive standing of the parties. |
| 95-12 | Purchase order request between end user and water treatment company. Feinberg Decl. Ex. J (designated by Nalco). | Unsealed, but Turner can resubmit with redactions | The parties may redact the pricing information of the agreement. The Court is not persuaded that redacting other parts of the letter would harm the competitive standing of the parties. |

For the reasons above, Turner's administrative motion to file under seal is denied without prejudice.

Should it choose to do so, Turner can resubmit a motion to seal as to Dkt. Nos. 95-5, 111-3, 111-4, 95-9, and 95-12, in accordance with this order within fourteen days; otherwise, the Court will also deny Turner's motion as to these documents. Specifically, for the Declaration of Dr. Larry Russell, Dkt. 95-5, Turner must narrowly tailor any redactions and provide "compelling reasons" why the Court should seal certain portions. *See PNY Technologies, Inc. v. Sandisk Corp.*, 11-CV-04689 WHO, 2 (N.D. Cal. May 12, 2014) ("[O]nly the minimal amount of redactions is allowed: a whole paragraph or an entire sentence does not need to be redacted if only a few words do.").

For the remaining four documents containing "pricing information," the parties may redact only the actual numeric pricing figure in the document, not information related to services provided or products purchased. Finally, Turner may not seek to seal certain portions or paragraphs of documents that the Court specifically referenced in its summary judgment order, Dkt. No. 130.

1

**B.      Nalco's Opposition to Turner's Summary Judgment Motion**

2

3

| Dkt. No. | Document Sought to Be Sealed | Result | Reasoning |
|---|---|---|---|
| 104-3 | Portions of Nalco's Opposition to Defendant's Motion for Summary Judgment. | Unsealed | Conclusory assertion that document contains "sensitive business and technical information" is insufficient to overcome presumption of public access. Moreover, claims of confidentiality as to the identities of end users and water treatment companies are undercut by both parties during the summary judgment hearing in open court—and in the presence of the media—when they explicitly referenced the names of theses third parties. Finally, mere designation of confidentiality is insufficient. |
| 104-6 | Nalco business memorandum.  Wilson Decl. Ex. 1. | Unsealed, but Nalco can resubmit with redactions | Conclusory assertion that document contains "sensitive business information" insufficient to overcome presumption of public access; not narrowly tailored. |
| 104-7 | Little Dipper Data Sheet. Wilson Decl. Ex. 2 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |
| 104-9 | Little Dipper Instruction Manual.  Wilson Decl. Ex. 4 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |
| 104-13 | Excerpts from deposition of Turner sales engineer Tom Brumett).  Wilson Decl. Ex. 8 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |

| 104-19 | Excerpts from deposition of water treatment company Garratt-Callahan.  Wilson Decl. Ex. 13 (designated by a third party). | Unsealed | Not narrowly tailored; reference to protective order not sufficient to overcome presumption of public access; supporting declaration does not explain specifically how information from these excerpts will lead to harm. |
|---|---|---|---|
| 104-20 | Excerpts from deposition of Turner customer Advantage Controls. Wilson Decl. Ex. 14 (designated by a third party). | Unsealed | Not narrowly tailored; no declaration from designating party. |
| 104-24 | Email communications produced by Turner. Wilson Decl. Ex. 18 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |
| 104-25 | Email communications produced by Turner. Wilson Decl. Ex. 19 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |
| 104-26 | Email communications produced by Turner. Wilson Decl. Ex. 20 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |
| 104-27 | Email communications produced by Turner. Wilson Decl. Ex. 21 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |
| 104-28 | Email communications produced by Turner. Wilson Decl. Ex. 22 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |
| 104-29 | Excerpts from deposition of Turner CEO James Crawford.  Wilson Decl. Ex. 23 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |

| 104-32 | Excerpts from Rebuttal Expert Report of Dr. Larry Russell.  Wilson Decl. Ex. 26 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |
|---|---|---|---|
| 104-33 | Excerpts from Reply Expert Report of Dr. Larry Russell.  Wilson Decl. Ex. 27 (designated by Turner). | Unsealed | Not narrowly tailored; no declaration from designating party. |
| 104-36 | Third party purchase agreement between ChemTreat and Idaho Milk.  Wilson Decl. Ex. 30 (designated by Nalco on behalf of a third party). | Unsealed | Supporting declaration's conclusory assertion that purchase agreement contains "confidential and proprietary" information insufficient to overcome presumption of public access.  The terms of this agreement also go to the heart of the direction or control issue.  *See PNY Technologies*, 2014 WL 661620 at *2 (denying motion to seal where terms of agreements at issue "go to the heart of this case" and "public has right to know on what bases the Court will decide the merits" of the case).  Claims of confidentiality over the identity of the end user are also undercut by Nalco's specific reference to this "purchase agreement between ChemTreat and Idaho Milk" in the summary judgment hearing.  *See* Dkt. No. 124 at 56. |
| 104-37 | Third party document containing alleged statements by Turner regarding programming of Little Dipper.  Wilson Decl. Ex. 31 (designated by Nalco on behalf of a third party). | Unsealed, but Nalco can resubmit with redactions | Not narrowly tailored; supporting declaration does not explain specifically how information from these excerpts will lead to harm. |

| 104-40 | Excerpts from deposition of Martin R. Godfrey regarding American Chemical Society Meeting.  Wilson Decl. Ex. 34 (designated by Nalco). | Unsealed | Not narrowly tailored; conclusory assertion that excerpt contains "confidential business information" insufficient to overcome presumption of public access. |
|---|---|---|---|
| 104-50 to 53 | Expert report of Dr. Vaughn Astley.  Astley Decl. Ex. A (designated by Nalco). | Unsealed, but Nalco can resubmit with redactions | Not narrowly tailored; does not explain specifically the type of information that is confidential and the type of harm that would result if not sealed. |
| 104-54 | Expert Report of Dr. Vaughn Astley.  Astley Decl. Ex. B (designated by Nalco). | Unsealed, but Nalco can resubmit with redactions | Not narrowly tailored; does not explain specifically the type of information that is confidential and the type of harm that would result if not sealed. |
| 104-55 | Reply Expert Report of Dr. Vaughn Astley. Astley Decl. Ex. C (designated by Nalco). | Unsealed, but Nalco can resubmit with redactions | Not narrowly tailored; does not explain specifically the type of information that is confidential and the type of harm that would result if not sealed. |

Nalco also seeks to seal in their entirety Dr. Joseph Alfano's laboratory notebooks and research report.  Dkt. 104-1 (discussing Alfano Decl. Exs. 1, 2, and 4).  According to Nalco, these documents contain "highly sensitive, proprietary, and confidential technical information" related to Nalco's inventions that "would prejudice Nalco if not sealed." Dkt. No. 104-1 (discussing Dkt Nos. 104-44, 45, 46 and 48).  On the one hand, due to the technical nature of these materials that come in the form of diagrams, formulas, and calculations, the Court is hesitant to rule on these exhibits without further explanation from Nalco regarding how disclosure would lead to prejudice.  On the other hand, the Court does recognize that the '118 patent has been in the public sphere for over 13 years and is skeptical over how releasing this information "might harm a litigant's competitive standing" or lead to prejudice.  *See Nixon*, 435 U.S. at 598.

Should Nalco wish to seal these documents, it must resubmit this motion and explain the following: (1) why the Court should seal these documents in their entirety as opposed to redacting only certain portions, and (2) the specific prejudice that would result from disclosure.

In short, Nalco's administrative motion to file under seal materials related to Nalco's opposition to Turner's summary judgment motion is denied in part. Should it choose to do so, Nalco can resubmit a motion to seal as to Exhibits 1, 2, and 4 of Dr. Alfano's declaration, as well as to Dkt. Nos. 104-6, 104-37, 104-50, 104-51, 104-52, 104-53, 104-54, and 104-55, in accordance with this order within fourteen days; otherwise, the Court will also deny Nalco's motion as to these documents. Specifically, for documents relating to Dr. Vaughn's reports, Nalco must narrowly tailor any redactions and provide "compelling reasons" why the Court should seal certain portions. *See PNY Technologies*, 11-CV-04689 WHO at 2 ("[O]nly the minimal amount of redactions is allowed: a whole paragraph or an entire sentence does not need to be redacted if only a few words do.").

C.   **Turner's Reply**

| Dkt. No. | Document Sought to Be Sealed | Result | Reasoning |
|---|---|---|---|
| 110-7 | Excerpts from deposition of Garratt-Callahan. Feinberg Decl. Ex. A. (designated by third party). | Unsealed | Not narrowly tailored; describes contents but does not explain how it meets compelling reason standard; mere designation of confidentiality not enough to overcome presumption of public access. |
| 110-12 | Nalco internal report. Feinberg Decl. Ex. F. (designated by Nalco). | Unsealed, but *Nalco* can resubmit with redactions. | Not narrowly tailored; describes contents but does not explain how it meets compelling reason standard; mere designation of confidentiality not enough to overcome presumption of public access. |

| 110-5 | Turner's Reply Brief at 4:19-21. | Unsealed | Conclusory assertion of "confidential nature" not enough to overcome presumption of public access; redactions involve the names of certain end users and water treatment companies. |
| 110-5 | Turner's Reply Brief at 13:16-18 (designated by Nalco). | Unsealed | Does not explain how meets compelling reason standard; no declaration from designating party. |
| 110-5 | Turner's Reply Brief at 13:23-14:8 (designated by Nalco). | Unsealed | Conclusory assertion that lines refer to document of "highly confidential nature" not enough to overcome presumption of public access; no declaration from designating party. |

For the reasons stated above, Turner's administrative motion to file under seal

materials related to Turner's reply is denied in part.  As to Dkt. No. 110-12, Nalco has

fourteen days to resubmit a motion to seal; otherwise, the Court will unseal this document.

D.     **Nalco's Objections to Turner's Reply**

| **Dkt. No.** | **Document Sought to Be Sealed** | **Result** | **Ruling** |
|---|---|---|---|
| 113-5 | Excerpts from Rebuttal Expert Report of Dr. Larry Russell regarding the Enviro-T. Llewellyn Decl. Ex. A (designated by Turner). | Unsealed | Not narrowly tailored; reference to protective order designating document as highly confidential not enough to overcome presumption of public access; no declaration from designating party. |
| 113-6 | Excerpts from deposition of Tom Brummett regarding the Enviro-T.  Llewellyn Decl. Ex. B (designated by Turner). | Unsealed | Not narrowly tailored; reference to protective order designating document as highly confidential not enough to overcome presumption of public access; no declaration from designating party. |

| Dkt. No. | Document Sought to Be Sealed | Result | Ruling |
|---|---|---|---|
| 113-7 | Excerpts from deposition of Jim Crawford regarding the Enviro-T. Llewellyn Decl. Ex. C (designated by Turner). | Unsealed | Not narrowly tailored; reference to protective order designating document as highly confidential not enough to overcome presumption of public access; no declaration from designating party. |

For the reasons stated above, Nalco's administrative motion to file under seal materials related to Nalco's objections to Turner's reply is denied.

**CONCLUSION**

Accordingly, the parties' motions to seal are denied, with the exception of certain documents identified in this order.

IT IS SO ORDERED.

Date:   October 30, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge